No. 46,826

KARL VON WOLFF, *Appellee*, v. FLORENCE D. SEWELL (defendant) and ETHEL L. NEWLIN, *Appellant*.

(505 P. 2d 687)

Opinion filed January 20, 1973.

*Robert D. Ochs*, of Topeka, argued the cause and *Charles S. Fisher, Jr.*, of Topeka, was with him on the brief for appellant.

*Louis F. Eisenbarth*, of Topeka, argued the cause and was on the brief for appellee.

*Per Curiam:* This is an action for damages arising from an automobile collision. At the close of the evidence to the jury the court sustained plaintiff's motion for a directed verdict on the issue of liability and instructed the jury that defendant was negligent as a matter of law. Defendant objected to the ruling of the court and to the court's refusal to submit to the jury the question of whether or not defendant was negligent.

This matter was argued on defendants' motion for a new trial which was overruled by the trial court. Ethel L. Newlin has appealed from this ruling. Defendant Florence D. Sewell has not joined in the appeal.

Three vehicles were involved in the accident: a Pepsi-Cola truck driven by Robert Christopher, a pickup driven by Karl Von Wolff, the plaintiff-appellee, and a car driven by the defendant-appellant Ethel Newlin.

The truck stopped to make a left hand turn into the plant and was waiting for oncoming traffic. The pickup was stopped about twenty feet behind the truck. Christopher testified that he turned on his electrical blinker signal to indicate his turn. Von Wolff testified he indicated a slowing down by arm and light signals and a second arm signal for stopping.

On the day of the accident the pavement was wet but the road was level in the area. Defendant's view was not obstructed.

Appellant testified she was aware of traffic in her lane ahead of her; that she took her eyes from the road "a split second", reaching for the button to turn off the windshield wipers; that upon looking up she realized traffic ahead was not moving; that she applied her

brakes, skidded sixty feet and struck the rear of the pickup; that she did not see signals by the pickup.

By diverting her gaze from the road, appellant failed to see what was there to be clearly seen. The evidence does not show any sudden change in appellant's situation not caused by her own failure or neglect.

There were no factual issues to be determined as to appellant's negligence. By her own testimony she was negligent as a matter of law. The trial court properly directed a verdict for plaintiff.

The judgment is affirmed.